UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MCCRAW,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>N. MCDOWELL, Warden,<br><br>　　　　　　　　　Respondent. | Case No.: 17-cv-523 MMA (JLB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 7]** |

## I. INTRODUCTION

Before the Court is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 of Petitioner Charles McCraw. (ECF No. 1.) Also before the Court is Respondent's motion to dismiss petition for writ of habeas corpus and Petitioner's opposition thereto. (ECF Nos. 7; 9.)

This Report and Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons discussed below, the Court recommends Respondent's motion (ECF No. 7) be **GRANTED**.

## II. BACKGROUND

In March 2007, Petitioner was an inmate at California State Prison Calipatria. With the help of a visitor, Ms. Hill, Petitioner tried to smuggle contraband into the prison. (ECF No. 8-5 at 1.)[1] During the attempt to search Petitioner for the contraband, Petitioner struck correctional officer E. Duarte in the face with his fist. (*Id.*) Ultimately, Officer Duarte discovered the contraband, described as a "bindle," in Petitioner's boxer shorts. (*Id.*)

In addition to starting a CDCR Form 115 procedure, which is the prison's internal administrative procedure for charging a prisoner for a prison rule violation, the matter was referred to Imperial County District Attorney for criminal prosecution in state court. (*Id.*; ECF No. 8-1 at 45.) With respect to the criminal prosecution, the District Attorney obtained an Indictment that charged Petitioner with the following felony violations: (1) Penal Code section 4501.5, battery on a non-confined person by a prisoner; (2) Penal Code section 4573, bringing drugs into a prison; and (3) Penal Code section 4573.6, possession of illegal substances in a prison facility. (ECF No. 8-1 at 7-9.) In May 2009, Petitioner entered into a plea bargain in which he pled guilty to the section 4501.5 charge and was sentenced to four years with a four year enhancement, and the drug charges were dismissed. (*Id.* at 20-24; *see also* ECF No. 8-5 at 2.)

With respect to the prison's administrative proceedings, in September 2009, H. Tyson, Senior Hearing Officer, presided over a CDCR Form 115 hearing on the charge of battery on a peace officer. (ECF Nos. 8-5 at 2; 8-1 at 45-47.) During the hearing, Petitioner denied the battery charge, stating he had "no intent or aggressive act." (ECF Nos. 8-5 at 2; 8-1 at 46.) The Senior Hearing Officer determined there was enough evidence to support the offense, but ultimately found Petitioner not guilty for two reasons: (1) it was a singular event involving multiple violations; and (2) Petitioner already entered into a plea bargain

///

---

[1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the court's electronic filing system.

resulting in an eight year consecutive sentence. (ECF Nos. 8-5 at 2; 8-1 at 46-47.) Thus, the administrative proceedings were dismissed. (ECF Nos. 8-5 at 2; 8-1 at 46-47.)

On September 15, 2014, Petitioner filed a motion in Imperial County Superior Court related to his 2009 guilty plea and sentence, seeking "modification of verdict & to amend/remove prior conviction." (ECF Nos. 1 at 28–30; 8-1 at 28-30.) The superior court summarily denied the petition on October 28, 2014. (ECF Nos. 1 at 31; 8-1 at 48.) On December 26, 2014, Petitioner filed a notice of appeal. (ECF Nos. 1 at 32; 8-1 at 49.) The California Court of Appeal dismissed the appeal, holding in *People v. McCraw*, No. D067250 (Cal. Ct. App. Mar. 16, 2015):

> The 2009 conviction was not based on the rules violation report, but McCraw's admission in the plea agreement that he committed battery on a corrections officer at the Calipatria State Prison. Under the circumstances, the denial of McCraw's motion did not affect his substantial rights and is thus not appealable.

(ECF Nos. 1 at 36-39; 8-6.)

Also on December 26, 2014 (while the appeal was pending), Petitioner filed his first state petition for writ of habeas corpus in superior court. (ECF Nos. 1 at 34; 8-4 at 1-8.) The superior court denied the petition because of the pending appeal, holding in *In re Charles J. McCraw*, No. EHC01895 (Imperial County Superior Court Jan. 14, 2015):

> If in fact Petitioner has filed a timely appeal of the court's October 28, 2014 ruling in case number JCF23397, there is still a potential for a legal remedy. Because Petitioner's legal remedies are not exhausted, a writ of habeas corpus, which requires such exhaustion, is premature.

(ECF Nos. 1 at 36-37; 8-5 at 2-3.)

Petitioner then filed a second state petition for writ of habeas corpus in superior court on September 21, 2015. (ECF Nos. 1 at 45; 8-7 at 1-9.) Petitioner sought a reduction of his 2009 sentence, arguing: (1) that the evidence previously presented to the superior court for purposes of sentencing had no legal merit because the prison dismissed its administrative action related to the battery charge; and (2) that the application of newly

enacted California Proposition 47 to his conviction should result in a reduced sentence.[2] (ECF No. 8-7 at 3-7.) The superior court denied the petition, holding in *In re Charles J. McCraw*, No. EHC01970 (Imperial County Superior Court Oct. 5, 2015):

> Petitioner appears again to be taking the position that because the CDCR Form 115 proceedings resulted in a finding of not guilty, even though the Senior Hearing Officer found that evidence existed to support the charge, somehow he is entitled to have the case number JCF23397 reopened and dismissed, or, at a minimum reduced to a misdemeanor, on the theory that his violation of Penal Code section 4501.5 was a non-serious, non-violent felony [subject to Proposition 47].
>
> The petition must again be denied. Petitioner does not have a case on the merits, because violation of Penal Code section 4501.5 is not one of the crimes subject to being recalled for resentencing as a misdemeanor under Penal Code section 1170.16. The fact that the California Department of Corrections and rehabilitation opted to dismiss the administrative proceeding as a result of the plea bargain and resulting sentence to avoid, in effect, double jeopardy, in no way nullifies the plea bargain itself. This has already been confirmed by the Forth District Court of Appeal, Division One, which has already indicated in its dismissal of case number D067250 that because of the requirements of the plea process, the disposition of the Rules Violation Report is irrelevant to case number JCF23397.

(ECF Nos. 1 at 48-49; 8-8 at 1-3.)

On November 9, 2015, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal. (ECF No. 8-9 at 1-10.) Petitioner argued again that the evidence previously presented to the superior court for purposes of sentencing had no legal merit because the prison dismissed its administrative action related to the battery charge and that his sentence should be reduced under Proposition 47 because his offense is non-serious and non-violent. (ECF No. 8-9 at 3-8.) The California Court of Appeal denied the petition, holding in *In re Charles J. McCraw*, No. D069247 (Cal. Ct. App. Nov. 19, 2015):

---

[2] On November 4, 2014, California voters approved Proposition 47, which redesignated some non-serious, non-violent crimes as misdemeanors instead of felonies and permitted resentencing for prisoners currently serving a sentence for any of the offenses that the initiative reduced to misdemeanors. *See Turner v. Richardson*, 13-cv-00454, 2016 WL 47445, at *1 (E.D. Cal. Jan. 5, 2016).

Charles J. McCraw, while he was in prison for murder, was sentenced to prison in July 2009 for an additional eight years after he pleaded nolo contendere[3] to battery by a prisoner on a nonprisoner. The prison at which the battery occurred previously had issued McCraw a rules violation report alleging the battery violated prison regulations. The disciplinary charge was dismissed "in the interest of justice" after McCraw was sentenced to prison for the same misconduct.

McCraw attacks the judgment sentencing him to prison for an additional eight years on the ground that the sentencing court relied on the rules violation report as evidence to support the battery charge, which report he says no longer has "legal merit" because it was subsequently dismissed. McCraw also requests "review of this sentence for modification" under Proposition 47.

McCraw is not entitled to habeas corpus relief. His challenge to the sufficiency of the evidence, raised more than six years after sentencing, is procedurally barred as untimely. (*In re Reno* (2012) 55 Cal.4th 428, 459; *In re Swain* (1949) 34 Cal.2d 300, 302.) That challenge also fails because "claims of the insufficiency of evidence to support a conviction are not cognizable in a habeas corpus proceeding" (*In re Reno*, *supra*, at p. 505), and because the effect of McCraw's nolo contendere plea was to admit every element of the charged battery (Pen. Code, § 1016, subd. 3; *People v. Wallace* (2004) 33 Cal.4th 738, 749). McCraw's request that this court review his sentence for modification under Proposition 47, which took effect on November 5, 2014, and reduced certain theft and drug offenses to misdemeanors, must be denied. This court has no authority to conduct such review in the first instance, and the felony of which McCraw was convicted is not among those that Proposition 47 reduced to misdemeanors. (Pen. Code, § 1170.18, subd. (a); *People v. Shabazz* (2015) 237 Cal.App.4th 303, 307.)

(ECF Nos. 1 at 50-51; 8-10.)

---

[3] The characterization of Petitioner's plea as nolo contendere would seem to be erroneous. The plea form utilized by the state court for conviction and sentencing reflects that Petitioner pled guilty to the battery on a non-prisoner charge. (ECF Nos. 8-1 at 21-23; 8-2 at 7.) Moreover, the superior court judge asked Petitioner, "[W]hat is your plea to the charge contained in Count 1 . . . , battery on a non-confined person by a prisoner?" Petitioner replied, "Guilty." Subsequently, the state courts have referred to the guilty plea as nolo contendere. Possibly, this is attributable to the fact that the caption of the plea form is "Plea of Guilty/No Contest – Felony." Nevertheless, this discrepancy between guilty and nolo contendere is inconsequential to the issues before the Court in this federal habeas corpus petition.

On December 19, 2016, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (ECF No. 8-11 at 1-11.) Petitioner raised the same grounds for relief that he had raised before the California Court of Appeal. (ECF No. 8-11 at 3-6, 8-9.) The California Supreme Court denied the petition for writ of habeas corpus without comment on February 1, 2017. (ECF Nos. 1 at 52; 8-12.)

On March 13, 2017, Petitioner filed the petition for writ of habeas corpus that is currently pending before this Court (the "Petition"). (ECF No. 1.) Petitioner asserts the following two grounds in support of the Petition: (1) the superior court wrongly relied on the CDCR report that was subsequently dismissed by the prison's administrative officer; and (2) the crime he committed is entitled to a reduction under Proposition 47 as a non-violent, non-serious felony. On June 13, 2017, Respondent filed a motion to dismiss the petition for writ of habeas corpus (ECF No. 7), and on July 20, 2017 Petitioner filed an opposition to the motion to dismiss (ECF No. 9).

### III. SCOPE OF REVIEW

Section 2254 of Title 28 of the United States Code provides the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in [*sic*] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

In addition, federal habeas corpus claims are subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that federal courts reviewing any habeas petition filed in federal court after the April 24, 1996 enactment of AEDPA will apply its provisions). Under AEDPA, a petitioner must overcome a high threshold to obtain relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100 (2011).

### IV. DISCUSSION

**A. Ground One is Untimely and Lacks Merit**

Petitioner's first ground for relief in the Petition is that his conviction does not satisfy the requirements of due process. Petitioner presents the following argument in support of his Ground One for federal habeas relief:

> The court was presented a C.D.C.R. rule violation report as evidence for the charge. This same report presented to the court has been removed from C.D.C.R. record "In The Interest Of Justice". In regards to [the] "Due Process Violation" and "Dismiss[al]" during the C.D.C.R. hearing procedures[,] [t]he court was presented evidence that at this date holds no legal merit, the Nolo Contender Plea Agreement is based on a charge that the court should not have pursed. Being that the prosecution failed to establish burden of proof to the facts. . . . As a Lay--Man of the law I was not aware of any available remedy[.]

(ECF No. 1 at 2, 10.)

In the Motion to Dismiss, Respondent argues Petitioner's first ground is untimely under AEDPA's one-year statute of limitation. (ECF No. 7-1 at 3.) Petitioner responds in opposition to the Motion to Dismiss that his claim is untimely, but his untimeliness should be excused because he is a layman. (ECF No. 9 at 2.) This Court concludes that Petitioner's first ground for habeas relief is untimely and should be dismissed.

///

### 1. Statute of Limitation Under AEDPA

Under AEDPA, a petitioner has one year from the date that his or her conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). AEDPA, enacted on April 24, 1996, applies to convictions finalized thereafter. Pursuant to 28 U.S.C. § 2244(d)(1), the one-year limitation begins at the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2244(d)(1)(A)-(D). The Court's analysis begins with subsection (A).

Here, in his Ground One, Petitioner raises a due process challenge to his 2009 conviction and sentence arising from his guilty plea to battery. Petitioner was sentenced on July 16, 2009. (ECF No. 8-1 at 25, 27.) Because Petitioner did not appeal his sentence, his conviction became final under subsection (A) on September 14, 2009 – 60 days after sentencing. Petitioner filed the instant Petition on March 13, 2017, over seven years later. Thus, pursuant to subsection (A) of § 2244(d)(1), Ground One of the Petition is untimely unless Petitioner can show that he is entitled to a delayed start date, statutory tolling, equitable tolling, or a delayed start date.

///

///

### a. Delayed Start Date

Subsection (D) of Section 2244 permits a later start date if the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). The due diligence time frame begins when one knows or "through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012); *see also Reed v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003). Determining whether one was "diligent" is an objective standard that considers the petitioner's circumstances. *Ford*, 683 F.3d at 1235.

Petitioner does not directly address the untimeliness of his Petition in the context of subsection (D).[4] However, the factual predicate for Petitioner's Ground One is the dismissal of the administrative proceedings related to the battery charge. This dismissal occurred on September 16, 2009, 62 days after Petitioner's July 16, 2009 sentencing hearing and 2 days after his conviction became final. (ECF Nos. 1 at 25-27; 8-1 at 25, 27.). Thus, the issue before the court is whether a delayed start date of September 16, 2009 saves Petitioner's otherwise untimely petition from dismissal.

The Court concludes that even accepting the later start date of September 16, 2009 under subsection (D), the Petition is untimely. Assuming, *arguendo*, a delayed start date of September 16, 2009, Petitioner had until September 16, 2010 to file a petition for writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d)(1)(D). Petitioner filed the instant Petition on March 13, 2017, over seven years later.[5] Thus, unless Petitioner benefits from statutory or equitable tolling, his Petition is barred under AEDPA and should be dismissed.

///

---

[4] Petitioner admits and recognizes that he filed his Petition with the court untimely. (ECF No. 9 at 2.)
[5] Petitioner's first post-sentencing state filing was a motion to modify the conviction dated September 15, 2014. (ECF No. 8-11 at 29.) Petitioner's first state habeas filing was not until December 26, 2014. (ECF Nos. 1 at 34; 8-4 at 1-8.)

### b. Statutory Tolling

Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's one-year limitation period, he bears the burden of demonstrating that limitation period is sufficiently tolled under statutory and/or equitable principles. *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002), *overruled on other grounds by Pace v. Diglielmo*, 544 U.S. 408, 418 (2005). Petitioner fails to make such a showing.

Section 2244(d)(2) provides for statutory tolling from the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Generally, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (footnotes omitted). Petitioner, however, cannot unreasonably delay in seeking collateral relief. *Carey v. Saffold*, 523 U.S. 214, 223 (2002). This includes so called "gap tolling" for the periods of time between such state habeas petitioners, provided that the petitioner proceeds in a hierarchical order from one lower state court to a higher state court. *Id.* However, "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino*, 183 F.3d at 1006.

Petitioner is not entitled to statutory tolling. As explained above, his conviction became final and his one-year statute of limitation period began to run on September 14, 2009. In order for statutory tolling to apply, Petitioner would have had to have filed a state habeas petition before September 14, 2010, the date on which AEDPA's one-year limitation period expired. Petitioner did not.[6] Thus, AEDPA's statute of limitation has run with respect to Petitioner's Ground One.

---

[6] Petitioner filed his first state habeas petition on December 26, 2014. (ECF No. 8-4 at 1-8.)

10

17-cv-523 MMA (JLB)

Therefore, Ground One of the Petition is barred as untimely under AEDPA, unless equitable tolling is applicable.

### c. Equitable Tolling

Petitions filed under Section 2244(d) may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418. The Ninth Circuit has found equitable tolling appropriate only in rare circumstances that truly rise to the level of extraordinary.

Here, Petitioner offers no reason for the Court to apply equitable tolling to Ground One other than he is a layman and was not aware of his available remedy. (ECF Nos. 1 at 10; 9 at 1-2.) However, a petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Thus, there is no extraordinary circumstance to justify equitable tolling of Ground One.

Therefore, Ground One of the Petition is barred as untimely under AEDPA, and should be dismissed.

### B. Ground Two is Not Cognizable on Federal Habeas Review

Petitioner's second and final ground for relief is based upon California Proposition 47. Specifically, Petitioner argues his 2009 sentence should be reduced pursuant to Proposition 47 because Proposition 47 redesignated the crime for which he was convicted as a non-serious, non-violent felony. Petitioner alleges that "this offense is a Non serious Non violent felony and not a second or third strike offense. Therefore [it] is eligible for reduction to a misdemenor[,] [i]f not Dismissed under ground [one] of this petition and removed from [the] record." (ECF No. 1 at 6.)

As stated earlier, on November 4, 2014, California voters approved Proposition 47, which redesignated some non-serious, non-violent crimes as misdemeanors instead of felonies and permitted resentencing for prisoners currently serving a sentence for any of

the offenses that the initiative reduced to misdemeanors. *See Turner*, 2016 WL 47445, at *1. Proposition 47 was codified as California Penal Code § 1170.18, and it became effective on November 5, 2014. Cal. Penal Code § 1170.18 (West 2014). Section 1170.18 provides, in relevant part:

> A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section [*sic*] 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

Cal. Penal Code § 1170.18(a).

In the Motion to Dismiss, Respondent argues that Ground Two of the Petition fails to present a federal constitutional claim because Petitioner's claim involves a state court's interpretation of state law and errors of state law do not warrant federal habeas relief. (ECF No. 7-1 at 4.) As set forth more fully below, the Court agrees and therefore recommends that Petitioner's second ground for relief be dismissed.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)). The United States Supreme Court's precedent makes clear that "federal habeas corpus relief does not lie for errors of state law" and that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Here, although Petitioner argues he is entitled to resentencing because the crime he committed is non-serious and non-violent, Petitioner is effectively asking this Court to find that a California state court erred in interpreting and applying California state law. Such a claim is not cognizable in federal habeas corpus. *See, e.g.*, *Myles v. Rackley*, 16-cv-0278, 2016

WL 6298408, at *2 (E.D. Cal. Oct. 27, 2016), *Report and Recommendation adopted at* 2016 WL 7212801 (E.D. Cal. Dec. 12, 2016) (rejecting Proposition 47 claims on ground that "[f]ederal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by a state court"); *Adams v. Borders*, 16-cv-00541, 2016 WL 4523163, at *3 (C.D. Cal. July 29, 2016), *Report and Recommendation adopted at* 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016) ("The fact that Petitioner may be attempting to characterize his claim concerning resentencing under Proposition 47 as a federal constitutional claim . . . is not sufficient to render it cognizable."); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A petitioner] may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process.").

## V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) granting Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (ECF No. 7) with prejudice.

**IT IS HEREBY ORDERED** that no later than **September 12, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 22, 2017**. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, F.2d 1153, 1156 (9th Cir. 1991).

Dated: August 22, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge