# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MCCRAW,<br><br>  Petitioner,<br><br>v.<br><br>N. MCDOWELL, Warden,<br><br>  Respondent. | Case No.: 17cv0523-MMA (JLB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 10]<br><br>**GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 12]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner Charles McCraw ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus ("petition") pursuant to Title 28 of the United States Code, section 2254, challenging his guilty plea conviction for battery on a non-confined person by a prisoner (Cal. Penal Code § 4501.5). *See* Doc. No. 1. Petitioner asserts two grounds for relief: (1) his conviction does not satisfy the requirements of due process; and (2) his 2009 sentence should be reduced pursuant to California Proposition 47. *See id.* Respondent moves to dismiss the petition arguing that Ground One of the

petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and that Ground Two fails to present a federal constitutional claim. *See* Doc. No. 7. Petitioner filed an opposition to Respondent's motion to dismiss. *See* Doc. No. 9. The Court referred the matter to United States Magistrate Judge Burkhardt for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and Civil Local Rule HC.2. Judge Burkhardt has issued a detailed and well-reasoned report recommending that the Court grant Respondent's motion to dismiss. *See* Doc. No. 10. Petitioner filed an objection to the Report and Recommendation on September 15, 2017. *See* Doc. No. 12. For the reasons set forth below, the Court **OVERRULES** Petitioner's objection and **ADOPTS** the Report and Recommendation in its entirety.

## DISCUSSION

### 1. Standard of Review

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### 2. Analysis

Petitioner generally objects to the recommendation that Ground One of his petition be dismissed as untimely under AEDPA based on equitable tolling. *See* Doc. No. 12 at 2-3. Petitioner contends the Report and Recommendation emphasizes "the time frame of the petitioner's filing." *Id.* at 2. Petitioner essentially concedes Ground One of the petition is untimely, but argues that he is a "lay prisoner" and should not be treated as if "he were trained and astute in the law[.]" *Id.* at 3. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, a *pro se* petitioner's "lack of legal sophistication" or "ignorance of the law" is not an "extraordinary circumstance

2

17cv0523-MMA (JLB)

warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Thus, Judge Burkhardt correctly determined there is no extraordinary circumstance to justify equitable tolling, and as a result, Ground One of the petition is untimely.

Accordingly, upon due consideration and after conducting a *de novo* review of the pertinent portions of the record, the Court **OVERRULES** Petitioner's objection and **ADOPTS** the Report and Recommendation.

### CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons stated above, and those set forth in detail in Judge Burkhardt's Report and Recommendation, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the Court **DECLINES** to issue a certificate of appealability.

### CONCLUSION

Based on the foregoing, the Court **OVERRULES** Petitioner's objection, **ADOPTS** the Report and Recommendation, and **DISMISSES** the petition with prejudice. The Court **DECLINES** to issue a certificate of appealability. The Clerk of Court is instructed to close the case and enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

Dated: October 18, 2017

HON. MICHAEL M. ANELLO
United States District Judge